Wxlx, J.
The relator, the holder of certain bonds issued under act 15 of the acts of 1866, act 108 of the acts of 1868, and act 69 of the acts of 1870, sues Out a mandamus to compel the Auditor to estimate and collect a tax sufficient to pay the interest on said bonds, pursuant to the fourth section of act 69 of the acts of 1870.
The court granted a rule nisi, and at the trial refused the mandamus. Thereupon the relator appeals. f
f The duty which the relator seeks to compel the respondent to perform was imposed by the fourth section of act 69 of the acts of 1870 j but he refuses to comply with the demand on the ground that said section imposing said duty is repealed by acts 3, 4 and 55 of the acts of 1874.
Section four of act 69 of the acts of 1870 provides: “ That the Auditor of Public Accounts shall, once in each year, estimate the amount of the annual interest on all the bonds issued under the provisions of this act, together with a sum equal to one-fortieth part of the bonds issued, and calculate as nearly as practicable what rate of tax on tbe total assessed real and personal property of the State will be required to produce tbe sums aforesaid; and he shall add the said rate to the tax already assessed for general purposes, and the tax so caleu *430 lated and assessed shall be collected in currency, and paid into the treasury of the State at the same time and in the same manner as other general State taxes are required to be collected and paid, and the money so collected shall be credited on the books of the Auditor and Treasurer to a special fund, to be known and designated as the “ Floating debt bonds fund,” and the amount so credited, from year to year, is hereby annually appropriated for the payment of the interest and part of the principal of the bonds authorized by this act.”
Here the State has made an annual appropriation and required the Auditor to make the calculation and fix the rate of a tax necessary to pay the interest on bonds authorized by said act. As long as this duty was imposed by law upon the Auditor, he could, by mandamus, be compelled to perform it. But when, by acts 3, 4, and 55 of the acts of 1874, the law imposing this duty upon the Auditor was repealed, and it was made a penal offense for him to do any act obstructing the funding of the obligations of the State and the other provisions of said statutes, a mandamus will not lie against the Auditor to make an estimate and fix the rate of the tax provided for in act 69 of the acts of 1870. The General Assembly which prescribed the duty in 1870 not only revoked the requirement in the legislation of 1874, but made its performance an offense punishable by fine and imprisonment.
The relator, however, contends that the provision of section four of act 69 of acts of 1870 was one of the stipulations in the contract by which the State issued, and he acquired the bonds, and the repeal thereof is repugnant to that provision of the constitution of the United States prohibiting a State from passing a law impairing the obligations of contracts.
We think the General Assembly had the right to repeal the law imposing. the duty on the Auditor, which relator now seeks to compel him to perform ; and as he is not now required by law to perform the duty, a mandamus will not lie against him.
As to the question whether the State by her legislation has impaired the obligations of her contracts with relator, we are of opinion that that matter can not be decided in this controversy, because the State is not a party to this suit, and the Auditor has no interest in the solution of the question. And the same remark is applicable to the other constitutional objections raised by the relator.
The only question pertinent to the case is: Is the duty required by the relator of the Auditor one of the ministerial duties of his office now prescribed by law 9 If it is not, as we think, a writ of mandamus should not issue against him. The same authority which prescribed the duty could and did revoke it, and made the performance a penal offense.
Judgment affirmed.